

**ORDERED in the Southern District of Florida on April 12, 2011.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:
MILADY ALTAGRACIA CORDERO,                    CASE NO: 10-41221-RAM
    Debtor.                                                              CHAPTER 13
_____/

**AGREED ORDER DENYING DEBTOR'S OBJECTION TO CLAIM OF GREEN TREE SERVICING, LLC AND GRANTING DEBTOR'S MOTION TO VALUE CLAIM AND DETERMINE SECURED STATUS OF LIEN ON PERSONAL PROPERTY**

Upon the Debtor's Objection to Claim of Green Tree Servicing, LLC [DE #31] and the Debtor's Motion to Value and Determine Secured Status of Lien on Personal Property [Docket #54], and upon Creditor, Green Tree Servicing, LLC's responses to the same [DE #41, 59], and upon the parties agreement and joint request for entry of this order, it is ORDERED:

1. The Debtor's Objection to Claim of Green Tree Servicing, LLC [DE #31] is DENIED.

2. The Motion to Value and Determine Secured Status of Lien on Personal Property [Docket #54] is GRANTED, in part, pursuant to 11 U. S. C. 506(a).

3. The value of the Claim which is secured by a 1988 FLEETWOOD MOBILE HOME, Serial Number: FLFLH32AB09663ST, shall be $8,139.00, and shall be paid by the

        Trustee through the plan over the life of the plan at 4.25% interest. The remainder of the referenced claim shall be treated as unsecured assuming that the plan is completed and a discharge entered. The value of the secured portion of the claim as agreed upon herein represents an agreed value for purposes of the pending Chapter 13 case and shall not carryover into any other chapter should the Debtor convert the case. In addition, the agreed upon value shall not survive any dismissal, voluntary or involuntary, of this case.

4.     The collateral is currently insured by the Creditor through a force-placed policy. The Debtor shall pay for the force-placed coverage direct and outside of the plan. The monthly premium amounts shall be adjusted by the Debtor upon notice from the Creditor as the premium changes from time-to-time. The Debtor may at any time provide an acceptable outside policy of insurance insuring the collateral and have the force-placed policy removed. In the event that the Debtor procures her own policy of insurance, she may remove the force-placed policy upon approval of the policy by Creditor and in such case shall pay the earned premium through the date of removal.

5.     The Debtor objected to the claim of Creditor based upon discrepancies between the name of the Creditor as set forth in the Retail Installment Contract and Security Agreement and that which was set forth in its Proof of Claim. Creditor has represented that it is the only holder of the claim as filed in this bankruptcy proceeding. Accordingly, Creditor shall hold harmless and indemnify Debtor from any attempts by any party other than Creditor, or its duly authorized successors and assigns, to enforce the obligations as set forth in the Retail Installment Contract and Security Agreement or this order.

###

This order prepared by:
Timothy D. Padgett
Timothy D. Padgett, P.A.
2878 Remington Green Circle
Tallahassee, FL 32308
(850) 422-2520 (phone)
(850) 422-2567 (fax)
tp@padgett-title.com


Copies to:

**Milady Altagracia Cordero, Debtor**, 20221 NW 52nd Court, #517, Opa Locka, FL 33055;
**Jacqueline C. Ledon, Esq.**, 300 Biscayne Blvd, Miami, FL 33137;
**Nancy N. Herkert, Trustee**, POB 279806, Miramar, FL 33027;
**US Trustee**, Office of the US Trustee, 51 SW 1st Avenue, Suite 1204, Miami, FL 33130.


 The foregoing agreed order has been reviewed and approved by the undersigned and is hereby being submitted to the Court for entry at the joint request of the parties.

/S/ Timothy D. Padgett                                               /S/ Jacqueline C. Ledon
_____                    _____
Attorney for Movant                                                    Attorney for Debtor